UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-Civ-60166-Huck-O'Sullivan

| | |
|---|---|
| MARIO A. PEREZ, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| HARVARD COLLECTION SERVICES, INC.; and EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF EXPERIAN
INFORMATION SOLUTIONS, INC. TO PLAINTIFF'S COMPLAINT**

NOW COMES defendant Experian Information Solutions, Inc., ("Experian"), by its undersigned counsel, and in answer to Plaintiff Mario A. Perez, Sr.'s ("Plaintiff") Complaint ("Complaint"), states as follows:

**JURISDICTION AND VENUE**

1. In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has alleged claims based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act, F.S. § 559, *et seq.*  Experian states that these are legal conclusions which are not subject to denial or admission. To the extent that a denial or admission is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, on that basis, denies generally and specifically, each and every allegation therein.

ATI-2362620v1

2. In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction under 28 U.S.C. §1367 and 15 U.S.C. §§ 1681p and 1692k(d). Experian states that these are legal conclusions which are not subject to denial or admission.

3. In response to paragraph 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4. In response to paragraph 4 of the Complaint, Experian states that it is an Ohio corporation, with its principal place of business in Costa Mesa, California. Experian admits that it is qualified to do business and does conduct business in the State of Florida. Experian further admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 4 of the Complaint.

**VENUE**

5. In response to paragraph 5, and its subparts, of the Complaint, Experian admits that it is qualified to do business and does conduct business in the State of Florida. Experian does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 and its subparts and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

- 2 -

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FACTS COMMON TO ALL COUNTS

7. In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

- 4 -

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT ONE
*Violations of the FCRA -  15 U.S.C. §1681, et seq., against Experian*

16. In response to paragraph 16 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 15 above as if fully stated herein.

17. In response to paragraph 17 of the Complaint, and its subparts, Experian denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.  Further, Experian denies Plaintiff is entitled to any of the relief set forth in the WHEREFORE clause, and its subparts, following paragraph 22.

**COUNT TWO**
*Violations of the FCRA - 15 U.S.C. §1681s-2(b) by Defendant HCS*

23. In response to paragraph 23 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 22 above as if fully stated herein.

24. In response to paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

- 5 -

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26. In response to paragraph 26, and its subparts, of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29. In response to paragraph 29 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

ATI-2362620v1

30. In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Further, in response to the "Prayer for Relief" section following paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to any of the relief set forth therein.

## COUNT THREE
*Violation of the FDCPA – 15 U.S.C. § 1692, et seq., by Defendant HCS*

31. In response to paragraph 31 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 30 above as if fully stated herein.

32. In response to paragraph 32 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33. In response to paragraph 33 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34. In response to paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35. In response to paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Further, in response to the "Prayer for Relief" section following paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to any of the relief set forth therein.

## COUNT FOUR
### *Violation of the Florida Consumer Collection Practices Act (FCCPA) by Defendant HCS*

36. In response to paragraph 36 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 35 above as if fully stated herein.

37. In response to paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Further, in response to the "Prayer for Relief" section following paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to any of the relief set forth therein.

ATI-2362620v1

38. Experian denies each and every averment not admitted or otherwise controverted by this Answer to the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

39. The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

40. All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE

41. All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE

42. Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE

43. Plaintiff has failed to mitigate his damages.

ATI-2362620v1

### SIXTH AFFIRMATIVE DEFENSE

44.     The Complaint and each claim for relief therein is barred by laches.

### SEVENTH AFFIRMATIVE DEFENSE

45.     Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### EIGHTH AFFIRMATIVE DEFENSE

46.     Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

### NINTH AFFIRMATIVE DEFENSE

47.     Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. §1681p.

### TENTH AFFIRMATIVE DEFENSE

48.     The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

49. Plaintiff's state law claims are preempted to the extent they are inconsistent with the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* ("FCRA"). Experian's conduct is governed by the Fair Credit Reporting Act and Experian acted at all times in compliance with the Fair Credit Reporting Act.

### TWELFTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims for exemplary or punitive damages violate the Fourteenth Amendment, the excessive fines clause of the Eighth Amendment, the Due Process Clause of the United States Constitution, and the laws of the State of Florida.

### THIRTEENTH AFFIRMATIVE DEFENSE

51. Plaintiff's alleged damages were not caused by Experian, but by an independent intervening cause (*e.g.*, accurate negative information regarding Plaintiff).

### FOURTEENTH AFFIRMATIVE DEFENSE

52. In the event that a settlement is reached between Plaintiff and any other party, Experian is entitled to any settlement credits permitted by law.

### FIFTEENTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred by the privileges afforded Experian by the FCRA and by common law.

## SIXTEENTH AFFIRMATIVE DEFENSE

54. Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

1. That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2. For costs of suit and attorneys' fees herein incurred; and

3. For other and further relief as the Court may deem just and proper.

Dated:  March 4, 2009                              Respectfully submitted,

                                                   s/  Maria H. Ruiz
                                                   Maria H. Ruiz
                                                   Florida Bar Number 182923
                                                   mruiz@csclawfirm.com
                                                   Clarke Silverglate & Campbell, P.A.
                                                   799 Brickell Plaza, Suite 900
                                                   Miami, Florida  33131
                                                   Telephone: (305) 377-0700
                                                   Facsimile:  (305) 377-3001
                                                   *Attorney for Defendant*
                                                   *Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the persons listed below via transmission of Notices of Electronic Filing generated by CM/ECF or mail.

| | |
|---|---|
| Paul A. Herman<br>paulh@fclawgroup.com<br>Fair Credit Law Group, LLC<br>20423 State Road 7, Suite F6-477<br>Boca Raton , FL 33498<br>Telephone: (561) 236-8851<br>Fax: (561) 451-3461<br>*Attorney for Plaintiff Marion A. Perez* | Joel A. Brown<br>joelb@fclawgroup.com<br>Fair Credit Law Group, LLC<br>3389 Sheridan Street, Suite 245<br>Hollywood , FL 33021<br>Telephone: (954) 334-7670<br>Fax: (954) 334-7668<br>*Attorney for Plaintiff Marion A. Perez* |

Harvard Collection Services, Inc.
4839 N. Elston Ave.
Chicago, Illinois 60630
*Registered Agent for Defendant Harvard Collection Services, Inc.*

                 s/ Maria H. Ruiz
                 Of Counsel